## *Ex parte* Barker.

Barker was convicted of a libel at the last general sessions of the peace of the city and county of New York; and sentenced to pay a fine; which had been paid accordingly.

*T. A. Emmett,* for the defendant, now moved that this court advise the court below, whether it had ruled correctly on certain questions of evidence arising upon the trial. The motion was founded on a case made and consented to by the court below; upon which they agreed that Barker might obtain the opinion of this court.

*D. Selden,* (same side,) said that he had brought, and procured a return to, a writ of error in this cause, to obviate the objection of this court wanting jurisdiction, if such objection should be made.

Savage, Ch. J. We can no more listen to this application, than to a motion to set aside the judgment of a justice of the peace on affidavit. We never interfere with questions of evidence, in a criminal cause, raised in the court below, unless the judgment be suspended by that court, with the express view of taking our opinion. We then act advisorily. The subject becomes a matter of comity between the two courts, like a reference to us of a question of common law, by the court of chancery. But *here a judgment is rendered, and the fine paid over. Whatever we can say or do, in this form, must of necessity

*The supreme court will not give an opinion advisory to another court, after that court has rendered judgment. Otherwise, if judgment be suspended for the purpose of obtaining the opinion of the supreme court. A bill of exceptions is inapplicable to a criminal cause. Questions of evidence are, therefore, brought from criminal courts before the supreme court, by consent; judgment being suspended. Such suspension is of course, where there is doubt The matter then comes before the supreme court, on a case, upon which they will advise the [\*144] inferior court; or on certiorari and habeas corpus, with a*

case; whereupon the supreme court will grant a new trial; or if they refuse it, give judgment themselves.

be ineffectual, unless to induce a voluntary re-payment of the fine by the corporation. We cannot speculate so far.

WOODWORTH, J. We cannot review questions of evidence in a criminal cause, even upon certiorari or writ of error. A bill of exceptions is inapplicable. If the law is defective, the remedy is with the legislature alone. The course has always been this : when a serious question of evidence has arisen, and been passed upon by the judges of an inferior court, they have always been very tender of concluding the party by a hasty sentence. They will suspend passing sentence ; and the matter then comes before this court either by arrangement, on a case, upon which we advise the court below, or upon certiorari for the record, and *habeas corpus* to bring up the body, accompanied with the case ; upon which we proceed to grant a new trial, or give sentence ourselves. One or the other of these courses have been uniformly taken in criminal cases, ever since the revolution. I know that under the old constitution, when the judges of this court presided at the oyer and terminer, it was a mere matter of course, when counsel suggested a serious doubt upon a decision, and wished to bring it under the review of this court, to suspend the sentence ; and grant him every facility for doing so. The same course has, as far as I am informed, been pursued since the adoption of the new constitution.

In this case, if the court below had entertained doubts, they should have declined proceeding, until our opinion could be taken. We do not give an opinion in these cases, when we see that it must be abortive. The court below cannot reverse its judgment, be our advice for or against it ; nor can our advice have any manner of effect.

SUTHERLAND, J. I did not hear what was suggested in support of this motion. But it seems to me a case too clear for the least doubt. Our opinion would not only be idle and nugatory ; but disrespectful towards the court below.

Motion denied.[1]

[1] The New York revised statutes provide, that, on the trial of any indict-

ment, exceptions to any decision of the court may be made by the *defendant* NEW YORK in the same cases and manner provided by law in civil cases; and a bill May, 1827. thereof shall be settled, signed and sealed, and shall be filed with the clerk of the court, and returned upon a writ of error as authorized in personal actions, or upon a *certiorari* as provided by statute; and the same proceedings may be had to compel the signing and sealing of such bill and the return thereof. But no such bill of exceptions shall stay or delay the rendering or execution of judgment, unless the circuit judge who tried the cause, or a justice of the supreme court (if it was tried in the oyer and terminer) shall certify on such bill that in his opinion there is probable cause for the same, or so much doubt as to render it expedient to take the judgment of the supreme court thereon. In which case such certificate, on being filed with the clerk of the court, shall stay judgment on such indictment until the decision of the supreme court can be had upon such exceptions.

If the indictment was tried in the sessions, a similar certificate of the judge who presided on the trial, or of any justice of the supreme court, shall have the like effect. But no certificate shall be granted by a judge of the supreme court unless application therefor shall first have been made to the judge who presided at the trial, and his reasons for refusing the same be attached to the bill of exceptions. 2 R. S. 736. sects. 21 to 25. Upon such certificate being granted, the defendant may be let to bail in the manner specified by the statute. Id. ib. s. 26. Barb. Cr. Law, p. 360, 361.