ALBANY,<br>Oct. 1834.<br><br>The People<br>v.<br>Caryl.

---

## The People *vs.* Caryl.

On the trial of an *indictment* for *stealing* foreign bank bills, it is incumbent upon the public prosecutor to produce at least *prima facie* evidence of the existence of such banks, and of the genuineness of the bills.

The prisoner was indicted at the Erie oyer and terminer for stealing within this state a number of bank bills, purporting to have been issued by the *Bank of Upper Canada*, and by the *Hancock Bank*, in the state of Massachusetts.  He was tried and convicted, and his sentence was suspended until the advice of this court could be obtained upon the question whether, in such a case, the public prosecutor was bound to prove the existence of the banks and the genuineness of the bills, no such proof having been adduced on the trial.

This Court were of opinion, that at least *prima facie* evidence ought to have been given, that there were such banks in existence, and that the bills were genuine ; that it would not be necessary, in such a case, to produce the highest evidence of the existence of the banks, such as proof of the original characters or acts of the government incorporating the companies ; but that proof that there were such banks *de facto* would be sufficient.   And so, as to the bills, it was not neces-

sary to prove, by positive testimony, that the names subscribed to them were in the hand-writing of the officers of the banks ; but it should at least be proved by a witness familiar with the bills, that he believed them to be genuine. Evidence of the same character and degree should be given which, on indictments for forging foreign bills, is usually resorted to, to prove them counterfeit. This court therefore advised the oyer and terminer to discharge the prisoner.