Denio, J.,
delivered the opinion of the court. A question is raised whether this court can review this case upon the merits. No facts have been found in either branch of the supreme court, and no exceptions were taken upon the trial. The papers sent here consist of the testimony and exhibits, and the several orders made at the general and special terms, and the notices of appeal. Moreover, there is no disputed question of law in the case. No doubt was expressed on the argument but that the complainant was entitled to relief, if the allegations contained in the bill were sustained by the proof, and none is entertained by the court, The only review which the case is susceptible of, is an examination of the testimony for the purpose of determining whether the judgment of the general term of the supreme court is in accordance with the case made by the proofs. The suit was pending when the Code of 1848 took effect, it having been transferred to the supreme court from the court of chancery, in which it was commenced, to the constitution of 1846. It was originally heard upon pleadings and proofs before a single judge of the supreme court in April, 1850, and a decree was entered in favor of the complainants. It was next heard in May, 1851, at a general term of the supreme court, pursuant to an order granting a rehearing; and on that occasion the judgment pronounced *558 by the judge before whom it was first heard was reversed, and the bill was ordered to be dismissed with costs. The plaintiffs'appealed to this court in November, 1851.
If the action had been commenced after the first Code had taken effect, so that the new system had a plenary operation upon- it, the issue would have been tried either by a jury or by the court or referees. If by a jury, the review here' would have been upon exceptions taken to some decision or ruling of the judge at the circuit or on a special verdict; or if the trial had been by the court or by referees, the review here would be upon exceptions, or upon facts found. (Code, §§ 264, 265, 268, 272; Livingston v. Radcliff, 2 Comst., 189.) On the other hand, if the former practice had prevailed throughout, the appeal would open the whole matter, and would be a review upon the evidence as well as the law. The appellate court in such cases, in the language of Chancellor Kent, “ acts with all the plenitude of a court of equity of original jurisdiction.”' (Gelston v. Codwise, 1 Johns. Ch. R., 189, 195.) But different portions of the Code took effect upon the suit at different times. At the time of the hearing upon pleadings and proofs, which was in effect a trial by the court as distinguished from a trial by jury or by referees, the Code, as amended by the act of April 11, 1849 (Laws 1849, p. 613), was in force; but only portions of it were applicable to existing suits (p. 614, § 8). The sections which were thus applied are enumerated in the amended act to facilitate the determination of existing suits, passed on the same day (Id., p. 705). None of the sections of chap. 4 of title 8, which contains the provisions specially applicable to “ trial by the court,” are among those so applied to suits commenced prior to July 1, 1848. Section 268 of that chapter is the one requiring the j udge on such a trial to “specify the facts found by him;” and it declares that the questions of law are to be reviewed in every stage of the appeal, and the questions of fact upon the appeal to the general term of the same court; and that both classes of questions *559 can only be reviewed in the manner prescribed in that section. It follows that when the trial of this case took place before Judge Mason, the new system of legal procedure did not affect such trial. The practice which governed it was that which prevailed before the enactment of the Code, and the effect of the decree, touching its liability to review, was that which preexisting law assigned to it. There were no exceptions and no finding of facts, and regularly there could be none. The result of the evidence and of the law applicable to it, as understood by the judge, was embodied in the decree, which was the only authentic record of what had been done. Upon the rehearing in May; 1851, the law applicable to the suit, as one which overreached the Code, was the same as at the trial. In an appeal to this court, the form of appealing and the effect of the appeal as a stay of proceedings must have been according to the Code. All the sections of the Code of 1849, from § 323 to § 343 inclusive, with one exception of no importance to this question, were made applicable to existing suits by the amended act to facilitate, &c. These sections relate to appeals generally, and to appeals to the court of appeals; and are for the most part devoted to the details regulating the manner of proceeding. They contain no provision as to the questions which shall be the subject of review.
By an act passed July 10, 1851 (Laws 1851, p. 876), a great number of the sections of the Code were amended. Section 459, as thus amended, applies the provisions of the Code generally to suits then pending, without regard to the time when they were commenced; and it declares that when a trial is to be had in any such suit, the Code shall apply to the trial and all subsequent proceedings (p. 903). Upon trials by the court, after this act took effect, though the action were commenced before the Code, the facts must be found according to § 268, and then the appeal here would be limited to questions of law. But that provision can have no effect upon trials which had taken place before it was enacted. If we *560 should hold that we cannot look into the evidence, there would be nothing to review; for, as I have stated, no exceptions were taken, nor any facts found. And this omission was not the fault of the parties or their counsel, nor of the judge before whom the trial was had; for the law under which the case was tried did not recognize exceptions, or the finding of facts, in the class of actions to which it belonged. To hold that we cannot look into the evidence would deprive the parties of their appeal altogether, in a case where the decree appealed from when rendered was reviewable according to the existing law, upon the facts as well as the legal principles involved in it. I do not think we are required or permitted to put this construction upon these statutes. When the decree was pronounced, it did not determine the rights of the parties absolutely, but it was subject to a reexamination Upon all the evidence, at the instance of either party; and I do not see anything in the subsequent legislation which indicates an intention to take away the right to have such a reexamination. None of the sections of the Code regulating the proceedings upon appeal specify the principles upon which the review is to be had, or the class of questions to he reviewed. We hold that in cases commenced since the Code and fully regulated by its provisions, the sections prescribing the manner of the trial, the direction as to the finding of the facts, and the language of § 268 demonstrate that the appeal to this court is confined to questions of law; but none of these sections have any effect upon this action, for the reason that it had passed through the stage to which they relate before they were made applicable to it. I am therefore of opinion that we are obliged to examine the evidence in the case, and to determine whether it sustains the decree which has been made.
(The learned judge then examined and discussed the evidence and came to the conclusion that the fraud charged in the bill was established, and that the decree made by the *561 supreme court at general term should be reversed, and that made at special term, with some modifications, affirmed.)
Decree reversed.