By the Court.—Barbour, P. J.
It seems quite clear that the legislature designed, by the second subdivision of the 288th section of the Code, to confer upon every defendant who should be kept in actual custody upon an order of arrest, for more than one month after the plaintiff had power to enter judgment, an absolute right to be discharged from such custody, and exonerated from liability to arrest on execution, unless good cause to the contrary should be shown. The word “may,” taken in connection with the context, just as clearly exhibits that intention as the.word “shall” would have done. The provision in question, therefore, gives to a prisoner so situated the privilege of asserting and obtaining one of the highest and most important rights of a citizen, the right of personal liberty, ■and is not a mere permission given to the court to grant the release, or, arbitrarily, to withhold it, notwithstanding no “good cause to the contrary” be shown (see Williams v. The People 24 N. Y. 405, and 2 N. Y. 556, § 37). Indeed, the exercise of such arbitrary power would defeat the plain intent and object of the legislature.
In this case, all the facts required by the act to entitle the prisoner to the relief asked for were established by the moving papers, and no attempt was made by affidavit or otherwise to show any cause why he ought not to be discharged. The motion should therefore have been granted, and it follows that the order appealed from must be reversed, with costs, and an order *518 entered discharging the defendant Griffin from the custody of the sheriff.
Curtis and Van Vorst, J J., concurred.