## D. B. Morgan v. The State.

1. Feed Stable. *Privilege tax. Averment in indictment as to population of town. Failure to prove. Effect of. Case in judgment.*

Section 585, Code of 1880, levies a tax of ten dollars on each livery, feed, or sale stable in a town of less than two thousand inhabitants, and a larger tax for a larger town. M. was indicted for keeping such a stable in the town of W. without first having paid this tax. The indictment averred that the population of the town of W. was less than two thousand. On the trial the State failed to show the population of the town, and the court refused to allow the defendant to do so. The defendant, having been convicted, appealed and asks a reversal of the judgment because of the failure of the State to prove the allegation of the indictment as to the population of the town of W. *Held,* that as the court judicially knows of the existence of the town of W., and the defendant could not have been benefited by proof of a larger population than was alleged, no injury could result to the defendant by the absence of proof as to the population of the town.

2. Same. *Keeping of. Evidence to show. Case in judgment.*

On the trial of the case above stated it was shown that M. had a stable at which he exposed a sign; that he let stalls at ten cents each per day; that persons renting stalls could themselves supply food for their stock, or that M. would furnish it from his store at the market price; that no stock was allowed to be taken out until the charges, both for stall rent and food, had been paid, and that M. locked the stable at night. *Held,* that the evidence is sufficient to establish that this stable was a "feed stable" within the meaning of the statute above referred to.

Appeal from the Circuit Court of Wilkinson County.

Hon. J. B. Chrisman, Judge.

The case is stated in the opinion of the court.

*T. V. Noland,* for the appellant.

1. The indictment contained an allegation as to the number of inhabitants of Woodville. It was a *material* allegation, and it was necessary to be proven.

2. The verdict was against the law and the evidence. There was nothing in the whole evidence to show or that even tended to show that the accused kept a *livery* stable. As to the *feed stable* question, there is nothing shown.

I insist that none of the testimony shows that a *feed* stable was

kept by the accused.    That a *feed stable* is a stable where horses or other live-stock of the public are *kept* and *fed*, and where pay is received for such *keeping and feeding*.

*T. M. Miller*, Attorney General, for the State.

1. It surely cannot be said that a man who makes it a business to keep a stable for the accommodation of beasts and keeps feed for sale to the owners, which is bought and there fed out, is not the keeper of a feed stable merely because he does not compel his patrons to buy feed from him and does not keep a man to serve out the feed.

The most rational and natural thing to say of this business was that defendant kept a feed stable.    The only difference between this and other feed stables was that the owners of the stock served their own animals.    This because he charged for the keep and for the feed he habitually furnished to all comers.

2. There is nothing in the objection that the proof failed to show that Woodville was a town of less than two thousand inhabitants. It was shown to be a town (of which, at any rate, the court would have taken judicial notice), and as the lowest penalty was inflicted the defendant could not complain if in point of fact the population exceeded two thousand.    The charge in the indictment was that defendant carried on the unlicensed business in a town of less than two thousand.    The tax and the penalty being the lowest, therefore it was not material to prove the want of excess above that number.

COOPER, C. J., delivered the opinion of the court.

By § 585 of the Code of 1880, a privilege tax of ten dollars is levied on each livery, feed, or sale stable in towns of less than two thousand inhabitants.    On such stables in towns of more than two and less than three thousand inhabitants the tax is fifteen dollars, and so by gradual increase proportionate to the number of the inhabitants the maximum of sixty dollars is reached in towns of over ten thousand population.

The appellant was indicted for keeping such stable without having first paid the tax in the town of Woodville, which, by the

indictment, is averred to contain " less than two thousand inhab-itants."

On the trial of the case the defendant proposed to prove the population of the town, but objection was made by the attorney for the State and the evidence was rejected by the court; no proof was made on the subject by the State and the appellant contends that the allegation of population was one of essential description, and because it was not proved as laid there is a fatal variance, for which the conviction must be annulled. The point presented is not free from difficulty, but we think the better construction of the indictment is to consider the allegation of population as anala-gous to allegations of value in indictments for larceny where the extent of the punishment is greater or less according to the value of the thing stolen. In such cases, though value may be said to be in some manner descriptive of the thing stolen, it is very generally held that the value as laid need not be proved where the conviction is for the lowest grade of the offense charged, but that it is suffi-cient to prove any value calling for the punishment indicated by the indictment. 1 Bishop on Crim. Prac. 488 ; *Comm.* v. *McKenney*, 9 Gray 114 ; *Williams* v. *People*, 24 N. Y. 405.

We judicially know that there is a town in the county of Wil-kinson named Woodville and that there is but one. Whatever may have been the population at the time of the offense charged, the appellant was guilty of a violation of the revenue law if he kept a stable of the character named in the indictment. The population is material only as a guide to the court in affixing the punishment, and since the defendant could not be benefited by proof of a larger population, no harm has been done him by the refusal of the court to permit evidence to be given on that subject.

The appellant also contends that the evidence does not show that he kept either a livery, sale, or feed stable. The evidence is that he had a stable at which he exposed a sign, that he let stalls at ten cents per day to those desiring to have their use, and that a person renting a stall could either supply the food for the stock or the defendant would furnish it from his store, charging only its market value ; that the stable was locked at night by the defendant and

that no stock was permitted to be taken out until both the stall rent and the account for food furnished was paid. This we think was sufficient to show that the stable was a " feed stable " within the meaning of the statute. It is immaterial that food was not kept at the stable, or that it was not furnished unless ordered by the owner of the stock. In truth, the defendant supplied both the stabling and the food for all who applied, and this he could not do without obtaining the privilege license required by law.

*The judgment is affirmed.*