THE PEOPLE OF THE STATE OF NEW YORK EX REL. HENRY DORR, APPELLANT, v. JOHN BOYD THACHER, MAYOR OF THE CITY OF ALBANY, RESPONDENT.*

*Licenses for places of amusement — in Albany a discretionary power is vested in the mayor — 1883, chap. 298, title 3, sec. 14, subs. 15 and 20 — when its exercise will not be reviewed by the court.*

By subdivisions 15 and 20 of section 14 of title 3 of chapter 298 of 1883, the charter of the city of Albany confers upon its common council power " to pass

---

* Decision handed down December 13, 1886.

general, permissive, restrictive or prohibitory ordinances * * * in relation to the regulation of places of public amusement" which "shall be licensed by the mayor, under such regulations for the safety of the public attending them as the common council may by ordinance determine." Section 1 of chapter 30 of the ordinances of the common council provides that "no theatrical or musical entertainment * * * place of amusement * * * shall be had, maintained or kept unless license therefor is first duly obtained." * * * Section 2 of the said ordinance provides that "the mayor *may* issue licenses for the keeping, having and performing of the entertainments above enumerated, upon payment to him" of certain sums specified in the said section, which sums the mayor is by the next section authorized, in his discretion, to reduce.

Upon an appeal from an order denying a motion made by the relator for a peremptory writ of *mandamus* requiring the mayor to grant a license for a musical entertainment, to be given by the relator at his place of business, which had been refused by the mayor upon the ground that as the relator kept a saloon where ale and spirituous liquors were sold, musical entertainments there would, in his judgment, have a demoralizing influence :

*Held,* that the order should be affirmed.

That the granting or withholding of the license applied for by the relator was, under the provisions of the charter and ordinances of the city, a right and power vested in the mayor, to be exercised by him entirely in his discretion.

APPEAL from an order made at the Albany Special Term denying a motion for a peremptory *mandamus* requiring the mayor of Albany to issue an amusement license to the relator.

The relator, who keeps a saloon in the city of Albany, applied to the mayor for a license to there furnish, free of charge, to his customers, vocal and instrumental music. He presented a petition, signed by his neighbors, asking that such license be granted, and offered to pay to the mayor the sum of twenty-five dollars, the highest fee fixed by the city ordinance for such licenses. The mayor refused to grant the license, because in his opinion no such license should be granted to any place where liquor is sold.

*Aaron B. Pratt,* for the appellant.

*D. Cady Herrick,* for the respondent.

BOCKES, J. :

This is an appeal from an order of the Special Term, denying a motion for a *mandamus* requiring the defendant, mayor of the city of Albany, to grant to the relator a license for musical entertainments at his place of business in said city. The refusal by the

mayor to grant the license was put on the ground that its issuance rested in his discretion, and that inasmuch as the relator kept a saloon where ale and spirituous liquors were sold, musical entertainments there would, in his judgment, have a demoralizing influence, and therefore he deemed it unadvisable to grant such license.    The only question presented on this appeal is whether the granting or withholding of licenses for musical entertainments rests in the discretion of the mayor.

The act providing for the government of the city of  Albany (chap. 298, Laws of 1883), confers powers upon the common council " to pass general permissive, restrictive or  prohibitory ordinances *   *   *   in relation to the regulation of places of  public amusement " (sub. 15 and 20 of sec. 14, title 3 of said act), which, as there declared, " shall be licensed by the  mayor, under  such regulations for the safety of  the public  attending them  as the common council may by ordinance determine."

This power was exercised by the common council by the adopting of chapter thirty of its ordinances, section 1 of which  provides that no " theatrical or musical entertainment   *   *   *   or place of amusement   *   *   * ·  shall be had, maintained or kept, unless license therefor is first duly obtained ;" and section 2 provides that " the mayor may issue licenses for the keeping, having and performing of the entertainments above enumerated," on payment of twenty-five dollars therefor ; or by section 3 of a reduced fee in his discretion.

Now, by the city·charter, places of  amusement are required to be licensed by the mayor under such restrictions as the common council should by ordinance declare; and that body has by ordinance declared on what condition he may grant such licenses, to wit : On payment of a license fee of twenty-five dollars, or of a reduced fee, in his discretion.

Thus it is manifest, that the entire subject of licensing places of theatrical or musical entertainment devolved upon the mayor by a just and fair construction of the city charter and ordinances, the right to issue or withhold a license in such case resting in his discretion, regulated or restricted only by the payment of a specified license fee ; and even this fee was in his discretion as to amount, save as it should  not  exceed twenty-five dollars.    This was a

matter of police regulation, which should in all propriety be exercised in each individual instance by sound judgment.

It was not intended that a license should be granted to every one who should apply for it and tender the license fee, whatever might be his character, or whatever might be the character of the proposed entertainment or amusement.

The policy of the law was clearly to the contrary of this. So the right and power was conferred upon the mayor to discriminate and himself determine who should have license, judging of the character, associations, surroundings and business of the applicant, and also as to the kind or description of the proposed entertainment or amusement, whether it would or would not be in accordance with good order and sound morality. The language of the ordinance is, in strictness, permissive, not mandatory. "The mayor *may* issue license," etc. That it was intended to be permissive is apparent, as we conclude, in view of the object and end to be answered by an observance of the right conferred. It is true the word "may" in a statute is sometimes to be construed "must" or "shall," and is then held like the latter words, mandatory.

This construction will obtain when the statute directs the doing of a thing for the sake of justice or the public good, or when to read it otherwise would defeat or subvert the purpose of the act. These reasons not existing, the ordinary sense of the word "may" is the legal one, and then the word must be held to be permissive, not mandatory. (*Warner* v. *Beers*, 23 Wend., 156; *Williams* v. *The People*, 24 N. Y., 409.) In this last case Judge DENIO says: "The primary and most common use of the word *may* certainly is that contended for, namely, the giving permission to perform the act referred to; and where there is nothing requiring it in the connection of the language or in the sense and policy of the provision, I do not think we should be warranted in giving the word an unusual or even a secondary meaning." This language has direct application to the case in hand.

There is certainly in this case nothing "in the connection of the language or in the sense and policy of the provision" requiring that the word "may" should have any other than its ordinary meaning. Indeed the sense and policy of the provision here brought under notice admit, as we think, of no other meaning, as it is plain beyond

peradventure that neither protection of public interests or of private right require that "may" should be held to be mandatory. As respects private right, the relator shows no other right than such as pertains to each individual citizen as such. There is manifestly no constitutional question involved in the case, if for no other reason than because the entire subject is one of police regulation.

In conclusion, we are of the opinion that the granting or withholding of the license applied for by the relator was, under the provisions of the city charter and ordinances of the common council, a right and power vested in the mayor, to be exercised by him entirely in his discretion.

Order appealed from affirmed, with ten dollars costs and disbursements for printing.

LEARNED, P. J., and LANDON, J., concurred.

Order affirmed, with ten dollars costs and printing disbursements.