CORNELIUS FERGUSON, RESPONDENT, *v.* P. SANFORD ROSS AND JOSEPH B. SANFORD, APPELLANTS.

*Statute — when general, and not local.*

"An act to prevent the deposit of carrion, offal or dead animals in the North and East rivers, or in the bay of New York or Raritan bay, within the jurisdiction of the State of New York" (Laws of 1875, chap. 604), is not a local act within the provision of the Constitution providing that no private or local bill shall embrace more than one subject, and that shall be expressed in its title.

Where a statute prescribes a rule of conduct for all persons, and renders all persons liable to its penalties, wherever they reside, it is to be considered a general, as' distinguished from a local, act.

APPEAL by the defendants, P. Sanford Ross and Joseph B. Sanford, from a judgment, entered in the office of the clerk of the county of Kings on the 30th day of September, 1890; and from an order, entered in said office on the 9th day of September, 1890, denying the defendants' motion for a new trial.

The action was tried at the Kings County Court before the court and a jury, at which a verdict was rendered in favor of the plaintiff for $1,000.

*R. D. Benedict*, for the appellants.

*James C. Church*, for the respondent.

DYKMAN, J.:

This is an action for the recovery of a penalty under chapter 604 of the laws of the State of New York for 1875, which is entitled "An act to prevent the deposit of carrion, offal or dead animals in the North and East rivers, or in the bay of New York or Raritan bay within the jurisdiction of the State of New York."

The complaint charged the defendants with the deposition of earth, mud and materials dredged from a slip, basin or shoal; and upon a trial before a jury a verdict was rendered against the defendants, and so the question of fact was decided against them.

The paramount and serious question presented by the appeal has reference to the validity of the legislation under which the defendants were prosecuted.

The defendants insist that the act in question is a local bill, and, therefore, violative of the Constitution of the State, which provides that "no private or local bill * * * shall embrace more than one subject, and that shall be expressed in its title." (Art. 3, § 16.)

Much has been written upon the question involved, and the uncertainty which is felt arises principally from the difficulty of applying the rules of law which have been laid down upon the subject to a particular state of facts.

This case is an illustration. The statute in question operates upon a subject in which the people of the world are interested. The deposit of the refuse-matter of two large cities in the bay of New York tends to shoal the water and interferes with navigation, and also with public health, and those were the evils against which the law was aimed. Its purpose was essentially public, and the fact that it wears some local features is insufficient to place it among the local acts.

The case of *Williams* v. *The People* (24 N. Y., 405) brought before the court a statute which provided that whenever larceny should be committed in the city of New York by stealing from the person of another, the offender might be punished as for grand larceny, although the value of the property taken was less than twenty-five dollars. Judge DENIO, whose opinions are characterized by solidity of wisdom, wrote an opinion in which he held the act to be general, and all the other judges of the Court of Appeals except one concurred in such opinion, but that point was not settled. Yet the opinion is entitled to great consideration.

We think that, inasmuch as the act in question operates upon a subject in which the whole people are interested, and prescribes a rule of conduct for all persons, and renders all persons liable to its penalties wherever they reside, it is to be considered a general, as contradistinguished from a local, act.

This view seems to be decisive of the appeal, and the judgment and order should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment and order affirmed, with costs.