The People of the State of New York ex rel. Edward Weaver, Appellant, v. John Van De Carr, Warden of the City Prison, etc., Respondent.

1. Pool-selling — Constitutionality of Chap. 572, Laws of 1895; Penal Code, § 351.  Chapter 572, Laws of 1895, amending section 351 of the Penal Code, and making pool-selling a felony, is not so connected with or dependent upon chapter 570 of the same year, authorizing certain organizations to conduct races for purses or prizes, as to be invalid, even if (which is not decided) the latter act is obnoxious to the provision of the Constitution (Art. 1, § 9) which prohibits the authorization of gambling.

2. Pool-selling — Constitutionality of Chap. 572, Laws of 1895; Penal Code, § 351.  The provisions of chapter 572, Laws of 1895, amending section 351 of the Penal Code, that any person who aids in any of the acts which are forbidden by that section is guilty of a felony, "except when another penalty is provided by law," and that "when an exclusive penalty is provided by law for an act hereby prohibited, the permitting of the use of premises for the doing of the act in such case shall not be deemed a violation hereof or of section 343 of this Code," do not contravene the provision of the Constitution (Art. 3, § 17) that "no act shall be

passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or part thereof, shall be applicable, except by inserting it in such act."

*People ex rel. Weaver* v. *Van De Carr,* 7 App. Div. 608, affirmed.

(Submitted October 5, 1896; decided October 20, 1896.)

APPEAL from order of the Appellate Division of the Supreme Court in the first judicial department, made June 6, 1896, which affirmed an order of Special Term dismissing a writ of habeas corpus and remanding the relator to the custody of the respondent.

*Benjamin Steinhardt* for appellant. The whole series of acts commonly called the racing laws are mere evasions of the letter and spirit of the constitutional prohibitions, and, therefore, void. (Const. of N. Y. art. 1, § 9; *In re Sweeley,* 12 Misc. Rep. 174; 146 N. Y. 401; *In re Keymer,* 148 N. Y. 219; *People ex rel.* v. *Draper,* 15 N. Y. 532; *People ex rel.* v. *Albertson,* 55 N. Y. 55; Laws of 1895, chaps. 570, 571, 572, 573; Penal Code, §§ 336–352; Laws of 1887, chap. 479; *People ex rel.* v. *Fallon,* 4 App. Div. 76; *Gibbons* v. *Gouverneur,* 1 Den. 170; *Ruckman* v. *Pitcher,* 1 N. Y. 392; *Irving* v. *Britton,* 8 Misc. Rep. 201; Laws of 1896, chap. 380, § 4.) The act in question violates section 17 of article 3 of the Constitution, in that it makes another law providing a penalty for an act therein prohibited, a part of it and applicable to it, without inserting the law so applicable. (*People ex rel.* v. *Banks,* 67 N. Y. 575; *Wells* v. *City of Buffalo,* 14 Hun, 440; Laws of 1895, chap. 570, § 17; Penal Code, §§ 336, 337, 338, 340, 341, 351; *B. S. R. Co.* v. *O'Donnell,* 87 Ala. 376; *Barnhill* v. *Teague,* 11 South. Rep. 444; *Beard* v. *Wilson,* 52 Ark. 290; *State* v. *Trenton,* 53 N. J. L. 570; 23 Am. & Eng. Ency. of Law, 495.)

*John D. Lindsay* for respondent. Section 351, as amended, does not violate either the letter or spirit of section 17, article III of the Constitution, and is not legislation of the character condemned by that section. (*Curtin* v. *Barton,* 139 N. Y.

505 ; *People ex rel.* v. *Lorillard*, 135 N. Y. 285 ; *People ex rel.* v. *Hayt*, 7 Hun, 39 ; *People ex rel.* v. *Bruning*, 89 Hun, 124 ; *Wells* v. *City of Buffalo*, 14 Hun, 438 ; *Weinckie* v. *N. Y. C. & H. R. R. R. Co.*, 39 N. Y. S. R. 584 ; *People* v. *Learned*, 5 Hun, 626 ; *Hathaway* v. *Tuttle*, 12 Wkly. Dig. 240.)   If the appellant's contention should be upheld there will be no law of this state in existence under which pool-selling, book-making or any of its attendant offenses can be punished. (*People* v. *Cleary*, 13 Misc. Rep. 546 ; *People* v. *Todd*, 51 Hun, 446.)

MARTIN, J.   The relator was brought into the New York Court of General Sessions by a bench warrant issued upon an indictment for pool-selling, in violation of section 351 of the Penal Code, and committed to the custody of the respondent. The writ was issued to test the constitutionality of that section, and was based upon the theory that it was invalid.

The appellant claims that that section of the Penal Code is unconstitutional upon the grounds :

1. That it is in contravention of section 9 of article 1 of the Constitution of the state, which declares : "Nor shall any lottery, or the sale of lottery tickets, pool-selling, book-making, or any other kind of gambling hereafter be authorized or allowed within this state ; and the legislature shall pass appropriate laws to prevent offenses against any of the provisions of this section ; "

2. That it is in violation of section 17 of article 3, which provides : "No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or part thereof, shall be applicable, except by inserting it in such act."

The contention of the appellant is that chapters 570, 571, 572 and 573 of the Laws of 1895 should be construed and treated as a single statute ; that as section 8 of chapter 570 authorizes trotting and fair associations to conduct races, and

in section 11 provides that the maintenance of a racecourse shall not be construed as a violation of any of the provisions of chapter 9 of title 10 of the Penal Code, or the provisions of any penal statute not contained in that chapter, it falls within the inhibition of section 9 of article 1 of the Constitution, and is, consequently, void.

It is also further contended that as that chapter is void, it follows that the succeeding chapters are also void.

A careful examination of chapter 570 fails to disclose any provision authorizing pool-selling, book-making, or any other kind of gambling, unless it be held that the authority conferred upon the organizations mentioned to hold trotting or running race meetings for prizes or purses, is gambling within .that provision of the Constitution.    That a statute authorizing racing for purses or prizes is gambling within the intent and spirit of the provision referred to, must, to say the least, be regarded as doubtful.  (*Harris* v. *White*, 81 N. Y. 532.)  But we do not deem it necessary to determine that question at this time, as it seems manifest that the contention of the appellant that if chapter 570 is unconstitutional, it follows that chapter 572, which amended section 351 of the Penal Code, is for that reason invalid, cannot be maintained.    Presumptively chapter 572 is valid, and being a separate act, if it is not in contravention of some provision of the Constitution, should not be regarded as void.    We think we would not be justified in holding that these several acts are so connected, dependent and interwoven that the legislature would not have passed chapter 572 independently of the other chapters referred to, or that they cannot be treated as separate and independent acts without defeating the object of the legislature.    It follows, therefore, that this claim of the appellant cannot be upheld.

Second. The contention that this act is void under the provisions of section 17 of article 3 of the Constitution cannot, we think, be sustained.    Chapter 572, which is an amendment of section 351 of the Penal Code, provides for the punishment of persons who engage in book-making or pool-selling

at any time or place.  The portion of the statute which is claimed to be in contravention of the Constitution is that which provides that any person who aids, assists or abets in any manner in any of the acts which are forbidden by that section is guilty of a felony, except when another penalty is provided by law, and that when an exclusive penalty is provided by law for any act therein prohibited, the permitting of the use of premises for doing the act shall not be deemed a violation thereof or of section 343 of the Penal Code.

Section 351, as amended, does not, we think, enact that any other existing law shall be applicable.  The provisions of that section are to the effect that it shall apply only in cases where no other penal law is applicable.  The purpose of that provision was not to make existing laws applicable in the cases mentioned therein, but to exclude from its operation such cases where other provisions had been made.  No other existing law is made a part of that statute.  Its provisions exclude from its operation all acts where a different penalty had been provided.  In other words, it defines its scope and effect by excluding from its operation any offenses that may have been included in the language employed which are punishable by any then existing law.

In *Curtin* v. *Barton* (139 N. Y. 505) chapter 342 of the Laws of 1892, which was an act to establish a local court of civil jurisdiction in the city of Syracuse, was under consideration.  That act provided that such court should have the same jurisdiction over the persons of defendants as was possessed by Justices' Courts of towns under certain provisions of the Code of Civil Procedure, and it was held that that statute was not obnoxious to the provisions of the Constitution now under consideration.  The current of authority in this court has settled the question adversely to the claim of the appellant. (*People ex rel.* v. *Lorillard,* 135 N. Y. 285 ; *People ex rel.* v. *Banks,* 67 N. Y. 568 ; *People ex rel.* v. *Squire,* 107 N. Y. 593.  See, also, *People ex rel.* v. *Hayt,* 7 Hun, 39 ; *Wells* v. *City of Buffalo,* 14 Hun, 438 ; *Bonnell* v. *Griswold,* 89 N. Y. 122 ; *Weinckie* v. *N. Y. C. & H. R. R. R. Co.,* 39 N.

Y. St. Rep. 584; *People* v: *Learned,* 5 Hun, 626; *Hathaway* v. *Tuttle,* 12 Weekly Dig. 240.)

The act amending section 351 is entirely independent of the other acts referred to, and at most provides that where there is an existing law upon the same subject, certain of the provisions of section 351 shall not be applicable. The authorities cited seem to be decisive of this question, and to the effect that the amendment under consideration is not in conflict with the provisions of section 17 of article 3 of the Constitution.

We think it cannot be fairly said that the provisions of this statute are in conflict with any of the provisions of the Constitution, and, hence, should be upheld and the order appealed from affirmed.

All concur.

Order affirmed.