(72 App. Div. 55.)

### PEOPLE v. LEVOY.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

1. BOOKMAKING—INDICTMENT—RECORDING BETS—PLACE—EXCLUSIVE PENALTY.
    Under Pen. Code, § 351, prohibiting bookmaking, a person indicted for such acts at a room not at the race track is not exempted from prosecution by Laws 1895, c. 570, providing a penalty for making or recording any bet on a race track, or by Gen. Laws, p. 270, § 4, declaring all contracts for or on account of any money or property bet, wagered, or staked to be void, or section 5, giving a right of action to sue and recover the amount of such stake or wager from the stakeholder, whether paid over or not, and whether the wager be lost or not.
2. SAME—INSTRUCTIONS—DEFINING "BETTING."
    On the trial of one indicted for bookmaking the court is not required in its charge to define what constitutes betting within the meaning of the Penal Code.
3. SAME—DEFECTIVE COUNT—GENERAL VERDICT.
    Where an indictment contains several counts, one or more of which are good, and amply supported by the evidence, and there is a general verdict of guilty, the fact that one of the counts is insufficient is immaterial.
4. CRIMINAL LAW—ACCOMPLICES.
    Where defendant was indicted for bookmaking, the fact that witnesses for the state, who did not aid or abet him in the commission of the offense, were engaged in procuring evidence for the purpose of detecting and punishing the offense, did not make them accomplices.[1]

Appeal from court of general sessions, New York county.
Bernard Levoy was convicted of the crime of bookmaking, and appeals. Affirmed.
Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Stephen J. O'Hare, for appellant.
Howard S. Gans, Asst. Dist. Atty., for the People.

HATCH, J. The indictment contained four counts specifying various violations of section 351 of the Penal Code. In brief, these counts charged the defendant with (1) keeping and occupying a room, with books, papers, apparatus, or paraphernalia for the purpose of recording or registering bets or wagers on a horse race; (2) keeping, exhibiting, and employing devices and apparatus for the purpose of recording and registering wagers and bets on a horse race; (3) re-

[1] See Criminal Law, vol. 14, Cent. Dig. § 1086.

cording and registering bets and wagers upon the result of a horse race; (4) receiving, recording, and registering money bet and wagered upon the result of a horse race. The case was submitted to the jury upon all four counts contained in the indictment, and they returned a general verdict of guilty. The evidence adduced upon the trial abundantly justified the rendition of this verdict, and established beyond a reasonable doubt that the defendant was guilty of the offenses with which he was charged. It is not necessary to refer to it in detail, as no substantial question is raised thereon. It is the contention of the defendant that he was not properly convicted, for the reason that his case was brought within the exceptions contained in the provision of the Code under which the defendant was indicted and convicted. The exceptions in question read as follows: The first, after defining the offense, states that the defendant "is guilty of a felony, except when another penalty is provided by law, a l upon conviction is punishable by imprisonment in the state prison for a period not more than two years, or by fine not exceeding $2,000." The second reads: "When an exclusive penalty is provided by law for an act hereby prohibited, the permitting of the use of premises for the doing of the act in such case shall not be deemed a violation hereof, or of section 343 of this Code." So far as the first exception is concerned, it is evident that it relates to the penalty provided in chapter 570 of the Laws of 1895. Therein an exclusive penalty is provided where the making or recording of any bet, wager, etc., is made upon a race track. When the acts with which the defendant is charged are committed in such case, the exclusive penalty is provided for a recovery of the same by a civil action. The complete answer to the defendant's contention in this regard is found in the fact that the offenses which he is proved to have committed were not done or committed upon a race track. The exception in this regard applies to the particular place. People v. Fallon, 4 App. Div. 76, 39 N. Y. Supp. 860, affirmed on appeal 152 N. Y. 12, 46 N. E. 302, 37 L. R. A. 419. The place where the defendant committed his offense was upon the premises No. 55 Whitehall street, in the city of New York. This exception, therefore, is not available to relieve the defendant. The exceptance has no relevancy to the contention of the defendant. The provisions of section 343, Pen. Code, do not bear thereon. The defendant's claim is based upon the provisions of the Revised Statutes, etc.

The further contention is made that by the provisions of Rev. St. §§ 4, 5 (1 Gen. Laws [Birdseye's 2d Ed.] p. 270), an exclusive penalty is provided for the offenses of which the defendant has been convicted. By section 4 of this statute all wagers, bets, or stakes, and all contracts for or on account of any money or property, etc., wagered, bet, or staked, shall be void. By section 5 a right of action is given to sue for and recover the amount of such stake or wager of the stakeholder or other person in whose hands shall be deposited any such wager, bet. or stake, whether the same shall have been paid over by the stakeholder or not, and whether any such wager be lost or not. These provisions of the Revised Statutes do not assume to furnish an exclusive penalty for the punishment of offenses defined in section 351 of the Penal Code. If this

statute should be so construed, its effect would be to nullify the entire provision of section 351, and to ascribe such an intent to the legislature is scarcely within the bounds of reason.   The provisions of the Revised Statutes are remedial in their character, and do not in terms or by necessary construction impose a penalty.   The purpose of their adoption is clearly evident.   All wagers being declared void by the first section, it is evident that a person suffering loss on account thereof, or having parted with his money for that purpose, could not, without the aid of the second section, have any relief.   If he brought an action to recover the money or property which he wagered, he would be met by the condition that as to it he stood in pari delicto with the stakeholder or the person who had won the wager, and the courts would deny him the right to maintain an action to recover it back.   In order to overcome this result, the statute provided in terms for the maintenance of an action to recover back the money or property wagered.   This was essential in the scheme in order to render effectual the prohibition of all bets and wagers as provided in the first section.   It was held in People v. Van De Carr, 150 N. Y. 439, 44 N. E. 1040, that the effect of the exception contained in section 351 excluded from its operation any offenses that may have been included by the language employed which were punishable by any then existing law.   The acts enumerated in section 351 are not punishable by the provisions of the Revised Statutes to which we have made reference, and do not embrace the offenses defined as a felony under that section. The sections of the Revised Statutes cannot be enlarged for any such purpose.   In terms, a civil action is given to recover money, and nothing more was intended thereby; consequently the exception has no application, nor is this changed by the fact that section 17 of chapter 570, Laws 1895, denominates the right of recovery therein given as a penalty.   The exception in section 351, Pen. Code, made use of the term "penalty," doubtless for the purpose of showing exact reference to the case as provided in section 17 of the act above cited, and to plainly show that it referred to it; and, as there is no language in any other law to which the exception can appropriately apply, it is clear that it was not intended that the exception should extend beyond the provisions of the act of 1895.   It is evident, therefore, that the defendant's contention in this respect cannot be sustained.

It is further claimed that the court committed error in its charge to the jury in that it did not define to them what constituted betting within the meaning of the Code provision.   The court was not required so to charge.   It fully and fairly submitted to them all of the questions which the facts warranted, and to which the defendant was entitled.   When the court charged that the jury were authorized to find from the testimony that the acts charged in the indictment to have been committed, if established to their satisfaction beyond a reasonable doubt, warranted the conviction of the defendant, it was in every essential respect a charge that the acts established by the evidence constituted the offense of betting, as well as the other offenses charged in the indictment.   The court

submitted all of these questions to the jury, and in no wise limited the consideration by it of all the evidence, and from such consideration they were authorized to convict the defendant of the crimes charged in the indictment. This was as favorable to the defendant as he was entitled to, and left the case for disposition by the jury with all the rights of the defendant preserved. We therefore find no error in this respect.

The defendant insists that the first count of the indictment did not state facts sufficient to constitute a crime. If he be right in this contention, it is entirely immaterial, as the jury found a general verdict. The evidence warranted such finding, and, if any one of the counts is good, the verdict will be upheld. People v. Goslin, 67 App. Div. 16, 73 N. Y. Supp. 520, affirmed 63 N. E. 1120.

The fact that the witnesses for the people were engaged in procuring evidence for the purpose of detecting and punishing the offense did not constitute them accomplices in the transaction. They in no sense aided and abetted in the commission of the offense, and there was no intent on their part to commit a crime. People v. Noelke, 94 N. Y. 142, 46 Am. Rep. 128.

There are no further questions that require consideration in this case. We think that the defendant was properly convicted; that the evidence established his guilt beyond a reasonable doubt. The judgment of conviction should therefore be affirmed. All concur.