(73 App. Div. 579.)

PEOPLE ex rel. CLIFTON v. DE BRAGGA, Sheriff, et al.

(Supreme Court, Appellate Division, Second Department. June 13, 1902.)

CRIMINAL LAW—POOL SELLING—BOOKMAKING—CONSTITUTIONAL LAW

Pen. Code, § 351, forbidding pool selling, bookmaking, etc., and prescribing penalties therefor, is constitutional.

Appeal from Queens county court.

Proceeding by habeas corpus and certiorari, on relation of Charles Clifton, against Joseph H. De Bragga, sheriff, and another. From an order dismissing the writs, the relator appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Charles S. Hayes, for appellant.

George A. Gregg, Asst. Dist. Atty., for respondents.

PER CURIAM. This is a habeas corpus proceeding instituted to test the sufficiency of an information charging the relator with a violation of section 351 of the Penal Code relating to pool selling, bookmaking, etc. The contention of the appellant is twofold: (1) That he is not liable to be punished under section 351 of the Penal Code for the acts which he is charged to have committed, but is subject only to be sued for a penalty in a civil action at the instance of the complainant or the maker of the bet of which he was stakeholder, as prescribed by the Revised Statutes; and (2) that section 351 of the Penal Code is in conflict with the federal constitution and the constitution of the state of New York.

As to the first proposition, it is enough to say that it is opposed to the recent determination of the appellate division of the First depart-

ment in the case of People v. Levoy (May, 1902) 76 N. Y. Supp. 783.

The second proposition is based upon reading section 351 of the Penal Code in connection with section 17 of chapter 570 of the Laws of 1895, which prescribes an exclusive penalty of the forfeiture of the amount of the bet when made or recorded upon a race course. It was held by the court of appeals in the case of People v. Fallon, 152 N. Y. 1, 46 N. E. 302, 37 L. R. A. 419, that the section cited from the act of 1895 was constitutional and valid. We think that the decision of the court of appeals in that case necessarily implies that section 351 of the Penal Code is also constitutional. See last paragraph of the opinion of Martin, J., 152 N. Y. on page 12, 46 N. E. 304, 37 L. R. A. 419.

The order appealed from should be affirmed.