(75 App. Div. 449.)

### PEOPLE v. STEDEKER et al.

(Supreme Court, Appellate Division, First Department.   November 7, 1902.)

1. POOL–SELLING AND BOOKMAKING—PLACE OF OFFENSE—PENALTY.

Pen. Code, § 351, makes pool-selling or bookmaking, or keeping a place with paraphernalia for making and registering bets, a felony, "except where another penalty is provided by law," and provides further that, where an exclusive penalty is provided elsewhere for the doing any act so forbidden, the permitting of the use of premises for such act shall not be deemed in violation of the section.   Section 343 provides that any person who keeps any place to be used for gambling or for any purpose forbidden by the chapter (containing section 351) is guilty of a misdemeanor.   Laws 1895, c. 570, § 17, provides that the only penalty against a bookmaker on a race track shall be a recovery in a civil action of any bet lost.   Held, that the keeping of a place elsewhere than at a race track, with paraphernalia for making and registering bets, was not taken out of section 351 by section 343 and the section of the Laws of 1895.

2. SAME—DIFFERENT PUNISHMENTS FOR SAME OFFENSE—CONSTITUTIONAL LAW.

Pen. Code, § 351, makes pool-selling or bookmaking a felony, "except where another penalty is provided by law."   Laws 1895, c. 570, § 17, provides that the only penalty against a bookmaker on a race track shall be a recovery in a civil action of any bet lost.   Held, that section 351 was not in violation of Const. U. S. Amend. 14, Rev. St. U. S. § 1977, Const. N. Y. art. 1, §§ 1, 6, or Id. art. 3, § 18, as providing two punishments for the same offense.

Appeal from court of general sessions, New York county.

Leon Stedeker and another demurred to an indictment for keeping a place with paraphernalia for recording bets.   From a judgment sustaining the demurrer, the people appeal.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Howard S. Gans, for the People.
Benjamin Steinhardt, for respondents.

O'BRIEN, J.   The indictment is drawn with reference to section 351 of the Penal Code, and is framed in three counts, all substantially the same, varying only in verbiage, and charging the defendants with occupying and keeping a place with paraphernalia for making, recording, and registering bets and wagers.   Without, therefore, setting forth the counts at length, it is sufficient to say that the act charged in each of them constitutes a crime punishable under section 351 of the Penal Code.

This appeal involves two questions.   The first is as to whether, by virtue of section 343 of the Penal Code, and section 17 of chapter 570 of the Laws of 1895, the acts charged are taken out of the operation of section 351 of the Penal Code, and rendered innocent.   This question has been considered and decided adversely to the contention of the defendants by this court in People v. Levoy, 72 App. Div. 55, 76 N. Y. Supp. 783, which was relied upon by the Second department in passing on the case of People v. De Bragga, 73 App. Div. 579, 77 N. Y. Supp. 7.

The second question is whether section 351 of the Penal Code is in conflict with the 14th amendment of the constitution and the 1977th section of the Revised Statutes of the United States, in that it establishes two different punishments for the same offense, and also for that reason in violation of article 1, § 1, article 1, § 6, and article 3, § 18, of the constitution of this state.   Whatever may be the rule in other jurisdictions, we think that this question is equally well settled by the court of appeals in this state in the case of Williams v. People, 24 N. Y. 408, and in People v. Havnor, 149 N. Y. 195, 43 N. E. 541, 31 L. R. A. 689, 52 Am. St. Rep. 707.   In the former it was held that the act of the legislature which made theft from the person of another of less than $25 grand larceny, if committed in the city of New York, was constitutional, although the same crime in other parts of the state was petit larceny.   And in People v. Havnor, supra, where by chapter 823 of the Laws of 1895, known as the "Sunday Barbering Act," it was made a misdemeanor for any person to carry on or engage in the work of a barber on Sunday, except in the city of New York and the village of Saratoga Springs, it was held that the statute was a valid exercise of the police power by the legislature, working no deprivation of liberty or property, within the meaning of the state constitution, and did not violate the fourteenth amendment of the federal constitution, by denying the equal protection of the laws.

The questions raised on this appeal having, therefore, been passed upon in the cases cited adversely to the contention of the respondents, it follows that the order appealed from must be reversed, and the demurrer overruled.   All concur.