PEOPLE ex rel. CLIFTON v. DE BRAGGA.  579

App. Div.]        SECOND DEPARTMENT, JUNE TERM, 1902.

interests may be benefited and much good accomplished, and if probate is denied, the son, upon reaching maturity, may dissipate the large share of the estate which in that event he will receive. But these are considerations which have nothing to do with the case and should not be allowed to lead us from well-established precedents which form an unbroken line of authority.

I think the decree of the surrogate should be reversed.

JENKS, J., concurred.

Decree of the Surrogate's Court of Westchester county affirmed, with costs to the proponent and the special guardian and to each other respondent, payable out of the estate.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES CLIFTON, Appellant, v. JOSEPH H. DE BRAGGA, Sheriff of the County of Queens, New York, and Another, Respondents.

*Bookmaking and poolselling — it is punishable criminally and by a penalty in a civil action — Penal Code, § 351, is constitutional.*

A person guilty of bookmaking and poolselling may be punished criminally under section 351 of the Penal Code, and his liability is not limited to a penalty recovered in a civil action instituted by the complainant or the maker of the bet of which he was stakeholder as prescribed by the Revised Statutes.

Section 351 of the Penal Code is not in conflict with the Federal Constitution or the Constitution of the State of New York.

APPEAL by the relator, Charles Clifton, from an order of the County Court of Queens county, entered in the office of the clerk of the county of Queens on the 6th day of May, 1902, dismissing the writs of habeas corpus and certiorari theretofore issued in the action and remanding the relator to the custody of the sheriff of Queens county.

*Charles S. Hayes*, for the appellant.

*George A. Gregg*, for the respondents.

PER CURIAM:

This is a habeas corpus proceeding instituted to test the sufficiency of an information charging the relator with a violation of section

351 of the Penal Code relating to poolselling, bookmaking, etc. The contention of the appellant is twofold : (1) That he is not liable to be punished under section 351 of the Penal Code for the acts which he is charged to have committed, but is subject only to be sued for a penalty in a civil action at the instance of the complainant or the maker of the bet of which he was stakeholder as prescribed by the Revised Statutes (1 R. S. 662, §§ 8, 9), and (2) that section 351 of the Penal Code is in conflict with the Federal Constitution (14th amendt. § 1) and the Constitution of the State of New York (Art. 1, §§ 1, 6 ; art. 3, § 18).

As to the first proposition it is enough to say that it is opposed to the recent determination of the Appellate Division of the first department in the case of *People* v. *Levoy* (72 App. Div. 55).

The second proposition is based upon reading section 351 of the Penal Code in connection with section 17 of chapter 570 of the Laws of 1895, which prescribes an exclusive penalty of the forfeiture of the amount of the bet when made or recorded upon a race course. It was held by the Court of Appeals in the case of *People ex rel. Sturgis* v. *Fallon* (152 N. Y. 1) that the section cited from the act of 1895 was constitutional and valid. We think that the decision of the Court of Appeals in that case necessarily implies that section 351 of the Penal Code is also constitutional. (See last paragraph of the opinion of MARTIN, J., 152 N. Y. on p. 12.)

The order appealed from should be affirmed.

All concurred.

Order affirmed.