## Supreme Court—Appellate Division, Second Department.

October, 1903.

### PEOPLE v. WILLIAM SHANNON.

(87 App. Div. 32.)

1. POOL SELLING.

> Ordinarily, where an offense is alleged to have been committed on a day certain, the variance is immaterial if it be shown to have been committed upon another day or about the same time, but it is essential that all the ingredients necessary to constitute the offense shall be established with reference to the other day, and where, on the trial of a charge of selling pools, there was evidence that pools were sold on the premises July 26th, and that defendant was there present on the 24th, 25th and 28th, but utter failure of proof that pools were sold on those days, it is reversible error for the court to charge that the jury might determine whether the defendant aided, abetted and assisted in the selling of pools on the 26th, and that they might give the fact that the paraphernalia was there on the 28th, such consideration as they thought worthy in determining whether the crime was committed on the 26th, etc.

3. SAME.

> It was also reversible error for the court to refuse to charge that unless the jury found that the defendant was engaged in pool selling July 26th they should not find him guilty.

APPEAL by the defendant, William Shannon, from a judgment of the County Court of Westchester county, entered on the 11th day of February, 1903, convicting the defendant of pool selling in violation of section 351 of the Penal Code.

Benjamin Steinhardt, for the appellant.

J. Addison Young, for the respondent.

GOODRICH, P. J.: The defendant was convicted of violating section 351 of the Penal Code, on the ground that at the city of Yonkers, on July 26, 1902, outside of any trotting or race course authorized by statute, he engaged in pool selling and

selling pools upon the result of the trial and contest of speed and power of horses then taking place at Brighton Beach, N. Y. He appeals from the judgment.

The constitutionality of the Racing Law (Laws of 1895, chap. 570, as amd.) and of section 351 of the Penal Code was reaffirmed by the Court of Appeals in People v. Stedeker (175 N. Y. 57), reversing a judgment of the Appellate Division of the First Department (75 App. Div. 449), citing People ex rel. Weaver v. Van De Carr (150 N. Y. 439) and People ex rel. Sturgis v. Fallon (152 id. 1.)

The question before us is whether there was evidence sufficient to warrant the conviction of an offense committed, as alleged in the indictment, on July 26th. While there may be proof that pool selling was going on upon the premises on that date, there is no proof whatever that the defendant was then present. Again, while the evidence may be sufficient to show that the defendant was present on other days about the same time, to wit, on July 24th, 25th and 28th, there is no sufficient proof that pool selling was then going on. Ordinarily, where an offense is alleged to have been committed on a day certain the variance is immaterial if it be shown to have been committed upon another day at or about the same time, but it is essential that all the ingredients necessary to constitute the offense shall be established with reference to the other day. There was an utter failure of proof to connect the defendant with the business on the 26th unless it was proper to instruct the jury: " You will determine whether or not this defendant aided, abetted and assisted in the selling of the pools on the 26th day of July last, and I charge you that you can take into consideration, if you find the evidence satisfies you, that he was there on the 24th and the 25th, of his presence there and of what he was doing. And you may also take into consideration the fact that this paraphernalia was found there on the 28th, and give it such consideration as you think it is worthy of in

determining whether or not this crime was committed on the 26th. Of course, if this paraphernalia was not there on the 26th it wouldn't have any bearing in the case, but you may determine here, in the exercise of your judgment and discretion, whether or not the fact that that was found there on the 28th isn't evidence that it was there on the 26th."

The defendant excepted to each of these instructions, and asked the court to charge the jury that unless they found that the defendant was engaged in pool selling on the 26th, they must not find him guilty. The court refused so to charge, and the defendant excepted.

We think this charge and refusal to charge, under the evidence, constituted error which requires a reversal of the judgment.

BARTLETT, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Judgment of conviction reversed and new trial ordered.