PEOPLE v. SHANNON.

(Supreme Court, Appellate Division, Second Department. October 2, 1903.)

1. CRIMINAL LAW—TIME OF OFFENSE—VARIANCE.

Where an offense is alleged to have been committed on a day certain, the variance is immaterial if it be shown to have been committed on another day at or about the same time, but all the ingredients necessary to constitute the offense must be established with reference to the other day.

2. SAME—OFFENSES ON OTHER DAYS—SUFFICIENCY OF EVIDENCE.

A conviction for selling pools in violation of Pen. Code, § 351, on a certain day, is not sustained by proof that pool selling was going on upon the premises on that day, without evidence that accused was then present; nor by proof that accused was present on other days about the same time, without evidence that pool selling was then going on.

3. SAME—INSTRUCTIONS.

In a prosecution for selling pools on a certain day in violation of Pen. Code, § 351, evidence showing accused was present on other days, without proof that pool selling was then going on, and that pool selling was going on on the day stated, without proof that he was present on that day, does not justify an instruction authorizing the jury to determine whether accused assisted in selling pools on the specified day by considering his presence there on the previous days, and what he was doing.

4. SAME.

It was error to refuse to charge that accused was not guilty unless the jury found he was engaged in pool selling on the day specified.

Appeal from Trial Term, Westchester County.

William Shannon was convicted of pool selling, and he appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Benjamin Steinhardt, for appellant.

J. Addison Young, Dist. Atty., for the People.

GOODRICH, P. J. The defendant was convicted of violating section 351 of the Penal Code, on the ground that at the city of Yonkers, on July 26, 1902, outside of any trotting or race course authorized by

¶ 1. See Indictment and Information, vol. 27, Cent. Dig. § 548.

statute, he engaged in pool selling and selling pools upon the result of the trial and contest of speed and power of horses then taking place at Brighton Beach, N. Y.   He appeals from the judgment.

The constitutionality of the racing law (Laws 1895, p. 370, c. 570) and of section 351 of the Penal Code was reaffirmed by the Court of Appeals in People v. Stedeker, 175 N. Y. 57, 67 N. E. 132, reversing a judgment of the Appellate Division of the First Department (75 App. Div. 449, 78 N. Y. Supp. 316), citing Weaver v. Van de Carr, 150 N. Y. 439, 44 N. E. 1040, and People ex rel. Sturgis v. Fallon, 152 N. Y. 1, 46 N. E. 302, 37 L. R. A. 419.   The question before us is whether there was evidence sufficient to warrant the conviction for an offense committed, as alleged in the indictment, on July 26th.   While there may be proof that pool selling was going on upon the premises on that date, there is no proof whatever that the defendant was then present.   Again, while the evidence may be sufficient to show that the defendant was present on other days, about the same time, to wit, on July 24th, 25th, and 28th, there is no sufficient proof that pool selling was then going on.   Ordinarily, where an offense is alleged to have been committed on a day certain, the variance is immaterial if it be shown to have been committed upon another day at or about the same time, but it is essential that all the ingredients necessary to constitute the offense shall be established with reference to the other day.   There was an utter failure of proof to connect the defendant with the business on the 26th, unless it was proper to instruct the jury:

"You will determine whether or not this defendant aided, abetted, and assisted in the selling of the pools on the 26th day of July last; and I charge you that you can take into consideration, if you find the evidence satisfies you, that he was there on the 24th and the 25th, of his presence there, and of what he was doing.   And you may also take into consideration the fact that this paraphernalia was found there on the 28th, and give it such consideration as you think it is worthy of in determining whether or not this crime was committed on the 26th.   Of course, if this paraphernalia was not there on the 26th, it wouldn't have any bearing in the case; but you may determine here, in the exercise of your judgment and discretion, whether or not the fact that that was found there on the 28th isn't evidence that it was there on the 26th."

The defendant excepted to each of these instructions, and asked the court to charge the jury that, unless they found that the defendant was engaged in pool selling on the 26th, they must not find him guilty. The court refused so to charge, and the defendant excepted.

We think this charge and refusal to charge, under the evidence, constituted error which requires a reversal of the judgment.

Judgment of conviction reversed, and new trial ordered.   All concur.